UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| COMMODITY FUTURES TRADING COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>AGRIDIME LLC (a Texas corporation), JOSHUA LINK and JED WOOD,<br><br>Defendants. | **FINAL JUDGMENT AND CONSENT ORDER OF PERMANENT INJUNCTION AND OTHER EQUITABLE RELIEF AGAINST DEFENDANT AGRIDIME LLC**<br><br>Case No.: 4:24-cv-0424-P |

## I.  INTRODUCTION

On May 10, 2024, Plaintiff Commodity Futures Trading Commission ("Commission" or "CFTC") filed a Complaint against Defendants Agridime LLC ("Agridime"), Joshua Link and Jeff Wood seeking injunctive and other equitable relief, as well as the imposition of civil monetary penalties, for violations of the Commodity Exchange Act ("CEA"), 7 U.S.C. §§ 1-26, and CFTC Regulations, 17 C.F.R. Pts. 1-190 (2024), specifically Section 6(c)(1) of the CEA, 7 U.S.C. § 9(1), and CFTC Regulation 180.1(a)(1)-(3), 17 C.F.R. § 180.1(a)(1)-(3) (2024).

## II.  CONSENTS AND AGREEMENTS

To effect settlement of all charges alleged in the Complaint against Defendant Agridime without a trial on the merits or any further judicial proceedings, Defendant Agridime:

1. Consents to the entry of this Final Judgment and Consent Order of Permanent Injunction and Other Equitable Relief Against Defendant Agridime ("Consent Order");

2. Affirms that it has read and agreed to this Consent Order voluntarily, and that no promise, other than as specifically contained herein, or threat, has been made by the CFTC, or

1

any member, officer, agent or representative thereof, or by any other person, to induce consent to this Consent Order;

3. Acknowledges service of the summons and Complaint;

4. Admits to the jurisdiction of this Court over it and the subject matter of this action pursuant to Section 6c of the Act, 7 U.S.C. § 13a-1;

5. Admits to the jurisdiction of the CFTC over the conduct and transactions at issue in this action pursuant to the Act;

6. Admits that venue properly lies with this Court pursuant to 7 U.S.C. § 13a-1(e);

7. Waives:

   (a) Any and all claims that it may possess under the Equal Access to Justice Act, 5 U.S.C. § 504 and 28 U.S.C. § 2412, and/or the rules promulgated by the CFTC in conformity therewith, Part 148 of the CFTC Regulations, 17 C.F.R. pt. 148 (2024), relating to, or arising from, this action;

   (b) Any and all claims that it may possess under the Small Business Regulatory Enforcement Fairness Act of 1996, Pub. L. No. 104-121, tit. II, §§ 201–253, 110 Stat. 847, 857–74 (codified as amended at 28 U.S.C. § 2412 and in various sections of 5 U.S.C and 15 U.S.C.), relating to, or arising from, this action;

   (c) Any claim of Double Jeopardy based upon the institution of this action or the entry in this action of any order imposing a civil monetary penalty or any other relief, including this Consent Order; and

   (d) Any and all rights of appeal from this Consent Order;

8. Agrees that it is not the prevailing party in this action for purposes of the waiver of any and all rights under the Equal Access to Justice Act specified in subpart (a) of paragraph 7;

9. Agrees that it will not oppose enforcement of this Consent Order on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure and waives any objection based thereon;

10. Agrees that neither it nor any of its agents or employees under its authority or control shall take any action or make any public statement denying, directly or indirectly, any allegation in the Complaint, or creating or tending to create the impression that the Complaint and/or this Consent Order is without a factual basis; provided, however, that nothing in this provision shall affect Defendant Agridime's and/or its agents' and/or employees': (a) testimonial obligations, or (b) right to take legal positions in other proceedings to which the CFTC is not a party. Defendant Agridime shall comply with this agreement and shall undertake all steps necessary to ensure that all of its agents or employees under its authority or control understand and comply with this agreement. The parties understand and agree that, to the extent that the Commission brings an enforcement action against any employee or agent of Defendant Agridime arising from the same nexus of facts as this Consent Order, this provision shall not apply to actions or public statements by such employee made in connection with that enforcement action;

11. Consents to the entry of this Consent Order without admitting or denying the allegations of the Complaint, except as to jurisdiction and venue, which it admits; and

12. Agrees that no provision of this Consent Order shall in any way limit or impair the ability of any other person or entity to seek any legal or equitable remedy against Defendant Agridime in any other proceeding.

### III.     PERMANENT INJUNCTION

**IT IS HEREBY ORDERED THAT:**

13. Based upon and in connection with the foregoing conduct, pursuant to Section 6c of the Act, 7 U.S.C. § 13a-1, Defendant Agridime is permanently restrained, enjoined and prohibited from directly or indirectly:

   a. in connection with any contract of sale of any commodity in interstate commerce, intentionally or recklessly: (1) using or employing, or attempting to use or employ, a manipulative device, scheme, or artifice to defraud; (2) making, or attempting to make, any untrue or misleading statement of material fact or omission of material fact necessary in order to make the statements made not untrue or misleading; or (3) engaging, or attempting to engage, in any act, practice, or courses of business, which operates or would operate as a fraud or deceit upon any person, in violation of 7 U.S.C. § 9(1) and 17 C.F.R. 180.1(a)(1)-(3) (2024).

14. Defendant Agridime is also permanently restrained, enjoined and prohibited from directly or indirectly:

   a. Trading on or subject to the rules of any registered entity (as that term is defined in Section 1a(40) of the Act, 7 U.S.C. § 1a(40));

   b. Entering into any transactions involving "commodity interests" (as that term is defined in CFTC Regulation 1.3, 17 C.F.R. § 1.3 (2024), for accounts held in the

4

    name of Defendant Agridime or for any account in which Defendant Agridime has a direct or indirect interest;

c. Having any commodity interests traded on Defendant Agridime's behalf;

d. Controlling or directing the trading for or on behalf of any other person or entity, whether by power of attorney or otherwise, in any account involving commodity interests;

e. Soliciting, receiving or accepting any funds from any person for the purpose of purchasing or selling any commodity interests;

f. Applying for registration or claiming exemption from registration with the CFTC in any capacity, and engaging in any activity requiring such registration or exemption from registration with the CFTC, except as provided for in CFTC Regulation 4.14(a)(9), 17 C.F.R. § 4.14(a)(9) (2024); and/or

g. Acting as a principal (as that term is defined in CFTC Regulation 3.1(a), 17 C.F.R. § 3.1(a) (2024)), agent or any other officer or employee of any person (as that term is defined in 7 U.S.C. § 1a(38)), registered, exempted from registration or required to be registered with the CFTC except as provided for in 17 C.F.R. § 4.14(a)(9) (2024).

## IV.   RESTITUTION

**A. Restitution**

15.    Defendant Agridime shall pay restitution in the amount of one hundred and two million, nine hundred and thirty six thousand, nine hundred and four dollars ($102,936,904) ("Restitution Obligation") with offset, reduction or credit for any restitution amounts paid in the

SEC action. Defendant Agridime's Restitution Obligation shall be deemed satisfied by the Receiver's collection efforts and distributions to investors.

16. The Receiver appointed by the Court in the SEC action will effect payment of the Restitution Obligation and the distribution of any restitution payments to Defendant Agridime's customers.

## V.  MISCELLANEOUS PROVISIONS

17. Entire Agreement and Amendments: This Consent Order incorporates all of the terms and conditions of the settlement among the parties hereto to date. Nothing shall serve to amend or modify this Consent Order in any respect whatsoever, unless: (a) reduced to writing; (b) signed by all parties hereto; and (c) approved by order of this Court.

18. Invalidation: If any provision of this Consent Order or if the application of any provision or circumstance is held invalid, then the remainder of this Consent Order and the application of the provision to any other person or circumstance shall not be affected by the holding.

19. Continuing Jurisdiction of this Court: This Court shall retain jurisdiction of this action to assure compliance with this Consent Order and for all other purposes related to this action, including any motion by Defendant Agridime to modify or for relief from the terms of this Consent Order.

20. Injunctive and Equitable Relief Provisions: The injunctive and equitable relief provisions of this Consent Order shall be binding upon the following persons who receive actual notice of this Consent Order, by personal service or otherwise: (1) Defendant Agridime ; (2) any officer, agent, servant, employee, receiver or attorney of Defendant Agridime ; and (3) any other

persons who are in active concert or participation with any persons described in subsections (1) and (2) above.

21. <u>Authority</u>: Mr. Stephen P. Fahey for Defendant Agridime hereby warrants that he has been appointed as the Receiver for Agridime by Court order dated December 11, 2023, in the SEC action (Order, *Securities and Exchange Commission v. Agridime LLC, et al.*, No. 4:23-cv-1224-P (Dkt.15) (Dec.. 11, 2023)), and that he has been duly empowered to sign and submit this Consent Order on behalf of Defendant Agridime.

22. <u>Counterparts and Facsimile Execution</u>: This Consent Order may be executed in two or more counterparts, all of which shall be considered one and the same agreement and shall become effective when one or more counterparts have been signed by each of the parties hereto and delivered (by facsimile, e-mail, or otherwise) to the other party, it being understood that all parties need not sign the same counterpart. Any counterpart or other signature to this Consent Order that is delivered by any means shall be deemed for all purposes as constituting good and valid execution and delivery by such party of this Consent Order.

23. <u>Contempt</u>: Defendant Agridime understands that the terms of this Consent Order are enforceable through contempt proceedings, and that, in any such proceedings, it may not challenge the validity of this Consent Order.

24. <u>Agreements and Undertakings</u>: Defendant Agridime shall comply with all of the undertakings and agreements set forth in this Consent Order.

There being no just reason for delay, the Clerk of the Court is hereby directed to enter this Final Judgment and Consent Order of Permanent Injunction and Other Equitable Relief Against Defendant Agridime.

**IT IS SO ORDERED** on this 10th day of June 2025.

7

*[signature]*

**HON. MARK PITTMAN,**
**UNITED STATES DISTRICT JUDGE**

**CONSENTED TO AND APPROVED BY:**

*[signature]*

Stephen P. Fahey as the Receiver for Defendant Agridime

Law Office of Steve Fahey PLLC
640 Taylor Street
Suite 1200
Fort Worth, TX 76102
682-301-0330
Email: steve@sfaheylaw.com
By: Stephen Fahey

Date: May 21, 2025

*[signature]*

Janine Gargiulo– Senior Trial Attorney, NY Bar No. 2429520 (admitted *pro hac vice*)
Nicole Buseman -Trial Attorney, NY Bar No. 5119193 (admitted *pro hac vice)*

Attorneys for Plaintiff
Commodity Futures Trading Commission
Ted Weiss Federal Building
290 Broadway. 6th Floor
New York, NY 10007
jgargiulo@cftc.gov
nbuseman@cftc.gov
(646)746-9700
Date: May 30, 2025

**Colin Patrick Benton**
Wick Phillips Gould Martin LLP
100 Throckmorton St
Suite 1500
Fort Worth, TX 76102
817-984-7429
Email: colin.benton@wickphillips.com

**Approved as to form:**

*[signature]*

Date: 5/21/2025
*Attorneys for the Receiver of Defendant Agridime*

8